UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VINCENT CARTHANE, <br> GEN CARTHANE, <br><br> Plaintiffs, <br><br> v. <br><br> TRAVIS KERN, an individual <br><br> Defendant. | Case No. New Case <br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY** RELIEF **AND DAMAGES** <br><br> **JURY DEMAND** |

## I. INTRODUCTION

1. On May 18, 2018, Plaintiff Vincent Carthane and his wife, Gen Carthane sought to rent a single-family dwelling in Pinellas County, Florida owned by Travis Kern. Vincent Carthane, is an African-American and Mrs. Carthane is of Asian descent. At the outset of Mr. Carthane's rental inquiry, he notified Defendant Travis Kern via a text that he was a convicted felon, having a felony conviction from 20 years prior. Defendant, Travis Kern, refused to consider Plaintiffs' offer due to the Defendant's policy of refusing rental to any person with a felony record. Based on Defendant Travis Kern's refusal to rent to Plaintiffs, Plaintiff made an initial complaint to the Pinellas County Office of Human Rights. Following an investigation by the Pinellas County Office of Human Rights and in conjunction with the Pinellas County Attorney's office, a determination of

reasonable cause to believe that the Defendant had engaged in unlawful housing discrimination on the basis of race, in violation of the Fair Housing Act Amendments of 1988 (FHHA), including but not limited to, 42 U.S.C. § 3604(a), (b), (c) and (f). Plaintiffs have filed this present federal complaint alleging that Defendant violated the Fair Housing Act, 42 U.S.C. §3601, *et seq.*, and related state laws under the disparate impact theory.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over the Plaintiffs' federal claims under 28 U.S.C. §1331 and 28 U.S.C § 1343. Additionally, the Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because those claims are related to Plaintiffs' federal claims and arise out of a common nucleus of related facts.

3. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. Venue is proper in the Middle District of Florida under 28 U.S.C. §1391 because the events giving rise to these claims occurred in Pinellas County, Florida, and the defendants conduct business in this district.

## III. PARTIES

5. Plaintiff Vincent Carthane is an African American male with a criminal record that includes felony convictions from around twenty years ago.

6. Plaintiff Gen Carthane is Plaintiff Vincent Carthane's wife who intended to reside with Plaintiff Vincent Carthane and their minor child in the dwelling.

7. Defendant Travis Kern is an individual and is also a licensed realtor operating in the Pinellas County as a Real Estate professional.

## IV. FACTS

### A. Vincent and Gen Carthane

8. Vincent Carthane is an African American male with a criminal background that includes felony convictions dated January 28, 1991, and April 11, 1997. He has no subsequent felony convictions, nor is he currently facing any criminal charges.

9. Gen Carthane is Mr. Carthane's wife and the mother of his minor child. Both she and the minor child reside with Mr. Carthane.

### B. Travis Kern

10. Travis Kern is a licensed Florida Realtor and owner of the single-family dwelling unit the plaintiffs' sought to rent. Mr. Kern operates in the area as a Real Estate professional and as an individual.

11. At the time, Mr. Kern was the owner of the property in question, located at 1320 Mary L. Rd., Clearwater, Florida.

### C. Mr. and Mrs. Carthane's Attempt to Rent from Kern

12. In early 2018, Mr. and Mrs. Carthane were seeking a new place to reside and were searching various advertisements for potential new residences.

13. In May of 2018, Mr. Carthane viewed an advertisement on Craigslist for a three-bedroom unit located at 1320 Mary L Rd., Clearwater, FL.

14. The advertisement was posted by Defendant Travis Kern and included an image of the property, contact information for Mr. Kern and a textual advertisement for the property. A copy of the advertisement is attached as Exhibit "A".

15. The advertisement in question specifically stated: "NO EVICTIONS AND NO FELONY BACKGROUNDS, WE VERIFY. -PLEASE UNDERSTAND THERE ARE ZERO EXCEPTIONS."

16. On May 18, 2018, Mr. Carthane viewed the property from the outside and contacted Mr. Kern, expressing an interest in applying for the unit.

17. Mr. Carthane wrote Mr. Kern stating: "I liked what I saw there. I do not have any evictions. I have good income and plenty of money in bank and credit score that has stayed above 750. But I need to know if you will make exception for me on your no felony policy because I have a felony record that is over 20 years old. No problem in many years."

18. On the same date, the Defendant replied: "Sorry, we cannot accept any felony records."

19. As a result of the Defendant's refusal, the Plaintiffs were unable to rent the property in question and were forced to seek other residences.

20. On July 24, 2018, Plaintiff Vincent Carthane filed a complaint of housing discrimination with the Pinellas County Office of Human Rights ("PCOHR"). PCOHR has been certified by HUD as substantially equivalent under federal law.

21. On July 25, 2018, PCOHR sent Defendant Travis Kern a letter indicating that it would be investigating a complaint received regarding discrimination and informing Mr. Kern of his rights and obligations during the investigation.

22. A Final Investigative Report was compiled and on September 26, 2019. A Determination of Reasonable Cause and Charge of Discrimination was sent to Mr. and Mrs. Carthane and to Mr. Kern.

## D. Discriminatory Housing Practices

23. The Defendant has committed the following discriminatory housing practices, with the purpose or effect of excluding persons on the basis of race under a disparate impact theory from the occupancy of the dwelling located at 1320 Mary L. Rd. Clearwater, Florida including:

    a. Refusing to rent a dwelling on the basis of past felony convictions;

    b. Communicating that a person would not be able to rent a dwelling solely because of past felony convictions;

    c. Making statements indicating a limitation, preference or discrimination, or the intent to discriminate, on the basis of past felony convictions; and

    d. Publishing statements indicating a limitation, preference or discrimination, or the intent to discriminate, on the basis of past felony convictions.

24. The Defendant's total ban on applicants with felony records had an unlawful disparate impact on him as an African American male applicant.

25. The Defendant's total ban policy is overbroad and cannot be justified.

26. Any legitimate concerns, including protecting safety or property, can be satisfied by a readily available and less discriminatory policy: giving individualized consideration to each potential resident's circumstances and desirability as a tenant.

27. Further, the massive increase in incarceration and in the number of people with criminal convictions has had an unequal impact the Black community. Blacks are incarcerated at rates disproportionate to their numbers in the United States general population. Blacks comprise approximately 37.6% of all prisoners. [1] However, Blacks only make up 13.4% of the U.S. population.[2]

28. The Defendant injured each Plaintiff by committing each of these discriminatory housing practices; accordingly, each Plaintiff is an aggrieved person under the Fair Housing Act, 42 U.S.C. §3602(i), and the Florida Fair Housing Act, Fla. Stat. Ann §760.22(8).

### E. Plaintiffs' Injuries

29. By reason of the Defendant's unlawful acts or Practices, the Plaintiffs have suffered economic loss; loss of time and effort; emotional distress, including humiliation, mental anguish, loss of dignity, and embarrassment; and otherwise sustained injury. The Defendant deprived the Plaintiffs of an important housing

---

[1] See Federal Bureau of Prisons, Inmate Race (2019), https://www.bop.gov/about/statistics/statistics_inmate_race.jsp.
[2] See U.S. Census Bureau, Quickfacts: Race and Hispanic Origin (2018), https://www.census.gov/quickfacts/fact/table/US/RJO225217#RHI225217.

opportunity, denying them the use and enjoyment of a dwelling for their family. Accordingly, the Plaintiffs are entitled to compensatory damages.

30. There now exists an actual controversy between the Defendant and the Plaintiffs regarding the Defendant's duties under the federal and state fair housing laws. Accordingly, each plaintiff is entitled to declaratory relief.

31. Unless enjoined, the Defendant will continue to engage in the unlawful acts and the pattern or practice of discrimination described in this complaint. Plaintiffs have no adequate remedy at law. They now suffer and will continue to suffer irreparable injury from the Defendant's discriminatory acts against persons on the basis of race unless relief is provided by this Court. Accordingly, Plaintiffs are entitled to injunctive relief

## V. CLAIMS- CAUSES OF ACTIONS

### COUNT ONE

### Disparate Impact in Violation of the Fair Housing Act

### 42 U.S.C. § 3604

### Plaintiffs v. Travis Kern

32. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

33. Defendant's exclusionary policy or practice unlawfully discriminates against Black residents because its refusal to rent to people with felony records impacts Black residents substantially more than White residents.

34. The Federal Housing Act makes it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because or race ... 42 U.S.C. § 3604 (a)."

35. The Federal Housing Act also make it unlawful to "make, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race .. U.S.C. § 3604 (c)."

36. The Fair Housing may be established based on either or both of two separate and distinct theories of discriminator effect: (1) a defendant's policy or practice "perpetuates segregated housing patterns" or (2) "actually or predictably results in a disparate impact on [an FHA-protected group]." 24 C.F.R. § 100.500.

37. Defendant has a blanket policy of refusing to accept any rental applicants with felony record.

38. On April 4, 2016, the Department of Housing and Urban Development ("HUD"), issued the following guidance titled, "Office of General Counsel Guidance on Application of Fair housing Act Standards to the Use of Criminal Records by Providers of Housing and Real Estate-Related Transaction". The report notes in relevant part,

> Across the United States, African Americans and Hispanics are arrested, convicted and incarcerated at rates disproportionate to their share of the general population. Consequently, criminal records-based barriers to housing are likely to have a disproportionate impact on minority home seekers. While having a criminal record is not a protected characteristic under the Fair Housing Act, criminal history-based restrictions on

housing opportunities violate the Act if, without justification, their burden falls more often on renters or other housing market participant of one race or national origin over another.[3]

39. Defendant's criminal record policy was not and is not necessary to serve any substantial, legitimate, nondiscriminatory interest, and any such interest could be satisfied by another practice- providing individualized considerations-that would have a less discriminatory effect.

40. The Defendant injured Plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. §3601, et seq.

## COUNT TWO

### Intentional discrimination in Violation of the Fair Housing Act

### 42 U.S.C § 3604

41. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

42. Defendant's acts, policies, and practices have been carried out with the intention of discriminating on the basis of race.

43. On information and belief, Defendant is aware of the disparate impact that his criminal records policy has on Blacks. He is also aware of HUD's 2016 Guidance regarding criminal records-based screening policies, including its repudiation of automatic blanket bans and its instructions to adopt less discriminatory

---

[3] Department of Housing and Urban Development, Office of General Counsel Guidance on Application of Fair Housing act Standards to the Use of Criminal Records by Providers of Housing and Real Estate-Related Transaction.

approaches to screening, such as individual assessment of criminal history, that would adequately protect public safety and property concerns.

44. However, despite this knowledge and awareness, Defendant departed from industry practices and deliberately chose and continue to implement his more discriminatory method for screening on the basis of criminal history. Under these facts, no legitimate, nondiscriminatory explanation exists for Defendant's choice in adopting and maintaining the more discriminatory and exclusionary policy. Defendant selected the criminal records policy with the intent and expectation the policy would disproportionately prevent Blacks from obtaining housing.

45. Defendant's acts, policies, and practices constitute discrimination and violate the Fair housing Act, as amended, 42 U.S.C. § 3604, and its implementing regulations, in that:

    a. Defendant's acts, policies, and practices constitute a refusal to rent housing or negotiate for the rental of housing because of race, and have made housing unavailable because of race, in violation of 42 U.S.C. § 3604(a);

    b. Defendant's acts, policies, and practices provide different terms, conditions, and privileges of rental housing, as well as different services and facilities in connection therewith, on the basis of race in violation of 42 U.S.C. § 3604(b); and

    c. Defendant's notices and statements indicate a preference, limitation, and discrimination based on race in violation of 42 U.S.C. § 3604(c).

## COUNT THREE

### Disparate Impact in Violation of the Florida Housing Act

### Fla. Stat. Ann. §760.20.

### Plaintiffs v. Travis Kern

46. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

47. The Defendant injured Plaintiffs by committing discriminatory housing practices in violation of the Florida Fair Housing Act, Fla. Stat. Ann. §760.20.

48. Defendant's acts, policies, and practices have an adverse and disproportionate impact on Blacks as compared to similarly situated Whites. This adverse and disproportionate impact is the direct result of Defendant's criminal records policy, pursuant to which it automatically refuses housing to people with a criminal record with no consideration of their individual characteristics and circumstances.

49. Defendant's criminal records policy was not and is not necessary to serve any substantial, legitimate, nondiscriminatory interest, and any such interest could be satisfied by another practice-providing individualized consideration-that would have a less discriminatory effect.

50. Defendant's acts, policies, and practices constitute discrimination and violate the Florida Fair Housing Law, Fla. Stat. Ann. §760.20, and its implementing regulations, in that:

a. Defendant's acts, policies, and practices constitute a refusal to rent housing or negotiate for the rental of housing because of race, and have made housing unavailable because of race, in violation of Fla. Stat. Ann. §760.20.

b. Defendant's acts, policies, and practices provide different terms, conditions, and privileges of rental housing, as well as different services and facilities in connection therewith, on the basis of race in violation of Fla. Stat. Ann. §760.20; and

c. Defendant's notices and statements indicate a preference, limitation, and discrimination based on race in violation of Fla. Stat. Ann. §760.20. Defendant's statements in their criminal records policy that exclude any person from renting housing because of criminal history have a discriminatory effect on Blacks because they actually or predictably result in a disparate impact on the basis of race.

## COUNT FOUR

**Intentional Discrimination in Violation of the Florida Housing Act**

**Fla. Stat. Ann. §760.20.**

**Plaintiffs v. Travis Kern**

51. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

52. Defendant's acts, policies, and practices have been carried out with the intention of discriminating on the basis of race.

53. On information and belief, Defendant is aware of the disparate impact that his criminal records policy has on Blacks. He is also aware of HUD's 2016 Guidance regarding criminal records-based screening policies, including its repudiation of automatic blanket bans and its instructions to adopt less discriminatory approaches to screening, such as individual assessment of criminal history, that would adequately protect public safety and property concerns.

54. However, despite this knowledge and awareness, Defendant departed from industry practices and deliberately chose and continue to implement his more discriminatory method for screening on the basis of criminal history. Under these facts, no legitimate, nondiscriminatory explanation exists for Defendant's choice in adopting and maintaining the more discriminatory and exclusionary policy. Defendant selected the criminal records policy with the intent and expectation the policy would disproportionately prevent Blacks from obtaining housing.

55. Defendant's acts, policies, and practices constitute discrimination and violate the Florida Fair Housing Law, Fla. Stat. Ann. §760.20, and its implementing regulations, in that:

    a. Defendant's acts, policies, and practices constitute a refusal to rent housing or negotiate for the rental of housing because of race, and have made housing unavailable because of race, in violation of the Florida Fair Housing Law, Fla. Stat. Ann. §760.20.

    b. Defendant's acts, policies, and practices provide different terms, conditions, and privileges of rental housing, as well as different

services and facilities in connection therewith, on the basis of race in violation of the Florida Fair Housing Law, Fla. Stat. Ann. §760.20, and

c. Defendant's notices and statements indicate a preference, limitation, and discrimination based on race in violation of the Florida Fair Housing Law, Fla. Stat. Ann. §760.20.

## DEMAND FOR JURY TRIAL

56. Under Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues triable as of right.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiffs pray for entry of a judgment against the Defendant that:

57. Awards actual and compensatory damages under the Fair Housing Act, 42 U.S.C. §3613(c) and the Florida Fair Housing Act, Fla. Stat. Ann. § 760.35;

58. Awards punitive damages under the Fair Housing Act, 42 U.S.C. §3613(c) and the Florida Fair Housing Act, Fla. Stat. Ann. §760.35;

59. Declares that the Defendant has violated the Fair Housing Act, 42 U.S.C. §3601, et seq. and the Florida Fair Housing Act, Fla. Stat. Ann. §760.20, et seq.;

60. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring the defendant to take affirmative action to provide

equal housing opportunities to all tenants and prospective tenants without regard to race as required by the federal and state fair housing laws;

61. Awards costs of suit, including reasonable attorney's fees; and,

62. Awards all such other relief as the Court deems just.

Dated: _____

Respectfully submitted,

*/s/ Charis A. Campbell*

Charis A. Campbell, Esquire
Florida Bar No.: 106886
Golden Key Law Group, PLLC.
5030 78th Ave. N, Ste 13
Pinellas Park, FL 33781
Telephone: 727-317-4738
Facsimile: 727-362-1357
E-Mail: Campbell@GoldenKeyLawGroup.com

E-Service: Eserve@goldenkeylawgroup.com
Attorney for Plaintiffs

*/s/ Rita M. Briles*

Rita M. Briles, Esquire
Florida Bar No.: 127283
Golden Key Law Group, PLLC
5030 78th Ave N, Ste 13
Pinellas Park, FL 33781
Telephone: 727-317-4738
Facsimile: 727-362-1357
E-Mail: Briles@goldenkeylawgroup.com

Attorney for Plaintiffs